IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                                    No. CIV S-11-3435 KJM-KJN

    vs.

AUNGER & AUNGER, L.P., et al.,            <u>ORDER</u>

    Defendants.

_____/

          On May 10, 2012, the court ordered plaintiff to show cause why this action should not be dismissed for his failure to effect service on defendant Aunger & Aunger, LP within 120 days of the filing of the complaint. (ECF 9.) Plaintiff filed an amended complaint adding defendant Beat Mobil Electronics, Inc. on May 21, 2012. (ECF 10.) Plaintiff then filed a response to the order to show cause on May 23, 2012 (ECF 12) and an amended response on May 24, 2012 (ECF 13). Plaintiff filed a notice of settlement on June 27, 2012. (ECF 14.) No defendant has been served the complaint or the notice of settlement.

          In his responses to the order to show cause, plaintiff described his attempts at service and indicated he intended to file a request for additional time to effect service, which he has not done. Showing service was attempted generally constitutes "good cause," *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); in accordance with Federal Rule of Civil Procedure

1

1  4(m), once plaintiff has shown good cause, "the court must extend the time for service for an
2  appropriate period." Plaintiff, however, has not requested an extension of time; rather, plaintiff
3  has filed a notice of settlement, without having effected service on any defendant.

4  Plaintiff's filing of an amended complaint naming an additional defendant does
5  not reset the Rule 4 clock as to the defendant named in the original complaint. *See*
6  *Thongnoppakun v. Am. Express Bank*, No. 11-cv-08063-ODW (MANx), 2012 U.S. Dist. LEXIS
7  42943, at *8 (C.D. Cal. Mar. 26, 2012) ("Plaintiff's filing of a FAC . . . does not toll or extend
8  the time for service of defendants named in the original Complaint."); *see also MacDonald v.*
9  *United States*, No. 11-CV-1088-IEG (BLM), 2011 U.S. Dist. LEXIS 94145, at *5 (S.D. Cal.
10 Aug. 23, 2011); *Patrick Collins, Inc. v. Does 1-3757*, No. C 10-05886 LB, 2011 U.S. Dist.
11 LEXIS 128029, at *2-4 (N.D. Cal. Nov. 4, 2011).

12 The court's May 10, 2012 order to show cause is hereby discharged. Plaintiff
13 shall effect service on defendant Aunger & Aunger, LP within thirty (30) days of the entry of
14 this order, or Aunger & Aunger shall be dismissed from this action with prejudice. The notice of
15 settlement is disregarded, as this court lacks jurisdiction over parties who have not been served.
16 *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of service of
17 process (or waiver of service by the defendant), a court ordinarily may not exercise power over a
18 party the complaint names as defendant." (citations omitted)). Plaintiff shall file proof of service
19 of the amended complaint on defendant Beat Mobile Electronics, Inc. by September 18, 2012.
20 IT IS SO ORDERED.
21 DATED: July 20, 2012.

UNITED STATES DISTRICT JUDGE